IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC C. PENDLETON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:12-cv-376 |
| ADREAN WILLIAMS, CPL; MONTEZ MAYS, CPL; CHRISTOPHER ALLGOOD, SGT; KATHY OGILVIE, CCS NURSE; DARON HALL, SHERIFF, | ) Judge Haynes ) ) ) ) |
| Defendants. | ) |

MEMORANDUM

Plaintiff Eric Pendleton, a Davidson County resident, filed this *pro se* action under 42 U.S.C. § 1983 against Defendants: Adrean Williams, Montez Mays, Christopher Allgood, Kathy Ogilvie, and Sheriff Daron Hall. (Docket Entry No. 1.) Plaintiff asserts Eighth and Fourteenth Amendment claims arising from his arrest.

A. Analysis of the Complaint

Plaintiff alleges that on the night of April 7, 2012 he was detained at the Davidson County Sheriff's Office. According to Plaintiff, he complained about being cold and requested a blanket that was refused. Plaintiff next alleges that he was attacked without provocation and was severely beaten by Officers Adrean Williams, Montez Mays, and Christopher Allgood. Plaintiff further asserts that a video from the on-premises security cameras will substantiate his claims. After this beating, Plaintiff was held, half-naked, on the "restraint bar" for over two hours before his return to a holding cell. At that point, Plaintiff requested to see a nurse. When Nurse Kathy Ogilvie examined Plaintiff who complained of excruciating pain and asked to be transported to a hospital emergency room. Nurse Ogilvie told Plaintiff "they could not transport [him] to the E.R. Nurse state[d] to Plaintiff that Plaintiff needs to go to the emergency room after the Plaintiff [is] release[d] on bond." (Complaint, Docket Entry No. 1, at 6.)

Plaintiff alleges that he remained in custody for twelve hours before his release, at which time Plaintiff went to Baptist Hospital emergency room for x-rays and treatment of his injuries. Plaintiff alleges that those medical providers diagnosed him with a sprained shoulder and an unspecified head injury, as well

as contusions on his arm, wrist, hand, shoulder, ribs, back, and neck, all of which continue to cause Plaintiff "serious medical problems." Id. Plaintiff seeks compensatory and punitive damages.

## B. Conclusions of Law

Under 28 U.S.C. § 1915(e)(2), this Court must conduct an initial screening of any civil complaint filed *in forma pauperis* and must dismiss the complaint or any portion thereof, *sua sponte*, if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997) (recognizing that "[t]he language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners," and holding that non-prisoner complaints filed *in forma pauperis* are subject to screening under § 1915(e)(2) and must be dismissed, even before opportunity is given to amend, if they fall within the requirements of that provision when filed)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); 28 U.S.C. § 1915(e)(2). The Court must construe the *pro se* complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept Plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To state a claim under § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *1. Excessive Force Claim*

For pretrial detainees, the Fourth Amendment applies to a pretrial detainee who are subjected to the excessive use of force.

Given his allegations of multiple injuries, the Court concludes that Plaintiff's complaint states colorable claims under 42 U.S.C. § 1983 against defendants Adrean Williams, Montez May and Christopher Allgood who qualify as persons acting "under color of" state law for purposes of § 1983, for their alleged excessive use of force against Plaintiff.

### *2. Deliberate Indifference Claim*

The next question is whether Plaintiff has stated a colorable claim under § 1983 against Nurse Kathy Ogilvie. As set forth above, Plaintiff alleges that he informed Nurse Ogilvie that he was in "excruciating pain" and requested to be transported to the E.R. Nurse Ogilvie allegedly told him that they could not transport him to the E.R. and that Plaintiff "needs to go to the E.R. after the Plaintiff [is] release[d] on bond." (Docket Entry No. 1, at 6.) Plaintiff alleges that the due to beating, he suffered resulted in multiple contusions and a sprain, as well as an unspecified head injury.

The Eighth Amendment requires prison officials to provide adequate medical care for a prisoner's serious medical condition so as to avoid the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976). The Due Process Clause of the Fourteenth Amendment applies the same right to medical care to pretrial detainees under the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *see also Bell v. Wolfish*, 441 U.S. 520, 545 (1979) ("[P]retrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners.")

For this claim, there are objective and subjective components. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires a plaintiff to demonstrate that he has a serious medical condition. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"). For deprivation of medical care, the subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson*, 501 U.S. at 302. The Supreme Court has defined "deliberate indifference" as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice to state a claim under § 1983. *Farmer*, 511 U.S. at 835--36.

Plaintiff alleges that, Nurse Ogilvie told him to go to the hospital emergency room upon his release from custody. The medical examination after his release revealed multiple and obvious injuries, that suggest an obvious and serious medical condition. Although the expected time of Plaintiff's release on bond is unclear, Nurse Ogilvie's denial of emergency care could evince deliberate indifference to Plaintiff's serious

medical condition.

Accordingly, the Court finds that the complaint states a colorable claim against Nurse Ogilvie.

### 3. *Respondeat Superior*

Plaintiff has not alleged any specific unconstitutional conduct by Sheriff Hall; rather, he apparently relies on the fact that Sheriff Hall is the employer or supervisor of the other defendants. It is well settled, however, that a defendant cannot be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory of liability. *Taylor v. Mich. Dep't of Corrs.*, 69 F.3d 76, 81 (6th Cir. 1995) (citation omitted). That is, the right to direct or control employees, by itself, is insufficient to impose liability upon a defendant for the unconstitutional acts of subordinates. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727–28 (6th Cir. 1996). To state a claim under § 1983 against a supervisory defendant, a plaintiff must allege a direct causal link between the acts of the subordinate and the supervisory defendant. *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872 (6th Cir. 1982) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Taylor*, 69 F.3d at 81 (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984)).

Plaintiff here does not allege that Sheriff Hall took any part in the alleged use of excessive force or the deprivation of medical care, nor does he allege that Sheriff Hall was aware of, approved or knowingly acquiesced in the actions of his employees. Consequently, the facts alleged by Plaintiff are insufficient to show liability on the part of Sheriff Hall.

An appropriate Order is filed herewith, dismissing the claims against Nurse Ogilvie and Sheriff Hall for failure to state a claim upon which relief may be granted, but permitting the claims against the remaining defendants to proceed.

ENTERED this the ___1st___ day of ___May___, 2012.

William J. Haynes, Jr.
United States District Judge