UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC C. PENDLETON, | ) |
| Plaintiff, | ) No. 3:12-cv-00376 |
| | ) Chief Judge Haynes |
| v. | ) |
| ADREAN WILLIAMS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Eric C. Pendleton, filed this pro se action under 42 U.S.C. § 1983 against Defendants: Adrean Williams, Montez Mays, Christopher Allgood, Kathy Ogilvie, Sheriff Daron Hall, and the Metropolitan Government of Nashville and Davidson County ("Metro"), Jane Doe, and John Doe.[1] Plaintiff asserts Fourth Amendment claims of excessive force against Defendants Adrean Williams, Montez Mays, and Christopher Allgood, Metro employees at Metro's Criminal Justice Center. Plaintiff asserts a claim of deliberate indifference against Defendant Ogilvie.

Before the Court is Defendant Ogilvie's motion to dismiss Plaintiff's second amended complaint (Docket Entry No. 81) under Fed. R. Civ. P. 12(b)(4) and 12(b)(6), contending that Plaintiff failed to effect proper service on Defendant Ogilvie within 120 days after the filing of Plaintiff's original complaint in accordance with Fed. R. Civ. P. 4(e) and 4(m), and that Plaintiff fails to state a claim for relief against Defendant Ogilvie. Plaintiff has not responded to Defendant's motion.

---

[1] Plaintiff's claims against Sheriff Daron Hall were dismissed by the Court. (Docket Entry No. 5).

In deciding a motion to dismiss under 12(b)(5)[2], a court may consider matters outside of the pleadings, such as affidavits. "Facts as attested to in uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule 12(b)(5)." Metropolitan Alloys Corp. v. State Metals Indus., Inc., 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (2d ed.).

"When a plaintiff is granted leave to proceed *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." Abel v. Harp, 122 Fed. Appx. 248, 251 (6th Cir. 2005) (quoting 28 U.S.C. § 1915(d)). Any failure by the court officials to effect service of process "constitutes a showing of good cause under Fed. R. Civ. P. 4." Id. (citations omitted). Plaintiff, however, at a minimum should "request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." Id. at 252.

Rule 4(e)(2) of the Federal Rules of Civil Procedure provides that, unless otherwise provided by federal law, an individual may be served with process by the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A)-(C).

---

[2]Although Defendant's motion is brought under Rule 12(b)(4), the Court construes Defendant's motion under 12(b)(5). See Buck Mountain Cmty. Org. v. Tennessee Valley Auth., 629 F. Supp.2d 785, 792 n. 5 (M.D. Tenn. 2009); 2 *Moore's Federal Practice*, § 12.33(1) (Matthew Bender 3d Ed.) ("Courts generally treat Rule 12(b)(4) and (5) as more or less interchangeable."). Rule 12(b)(4) challenges the *form* of process, whereas Rule 12(b)(5) challenges the *method* of serving process. *Moore's, supra.*

Where federal government employees are sued for damages, the Sixth Circuit has held that under federal rules, service of process at the employee's department "would be sufficient to effect service on defendants in their official capacities, it cannot suffice to bring them before the court in their individual capacities". Ecclesiastical Order of Ism of Am v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988). For service under Rule 4(e)(2)(C) on a government employee, Plaintiff bears the burden to prove that the person accepting service "was authorized by appointment of law to receive service of process for the other individual defendants". Bateman v. United States, No.3:08cv1186, 2009 WL 2043871 at *3 (M.D. Tenn. July 9, 2009)

In a more recent decision involving a state defendant in a Section 1983 action, where service was attempted through delivery at state counsel's office and left with an office employee, the Sixth Circuit held that such service conferred jurisdiction over a defendant "in his official capacity ... it did not confer jurisdiction over him in his individual capacity." King v. Taylor, 694 F.3d 650, 655 (6th Cir. 2012), cert. denied, 133 S. Ct. 1473 (2013). The Sixth Circuit stated that the lack of proper service defense could be raised by motion under Rule 12(b)(5) or by answer or by motion for summary judgment where the answer preserved this defense. Id. at 656-57 and 657 n.2. A defendant's "extensive participation" in discovery or "waiting too long" to raise this defense could waive the defense. Id. at 658. For individual liability, a district court lacks jurisdiction to render judgment against a defendant who has not been properly served. Harris v. City of Cleveland, No. 99-4403, 7 Fed.Appx. 452, 456 (6th Cir. March 26, 2001) (citing Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991)). "Whether a defendant had notice of the legal action, despite lack of personal service, is immaterial." Id. (citing Friedman, 929 F.2d at 1155).

3

Federal Rule 4(e)(1) also authorizes service of process in any manner permitted by state law. Tennessee state law virtually tracks the Federal Rules with respect to service of process on an individual. See Tenn. R. Civ. P. 4.04(1). "Tennessee Rule of Civil Procedure 4.04(10) authorizes service on a defendant by certified mail, if plaintiff or his agent sends 'postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant.'" Dolan v. United States, 514 F.3d 587, 595 (6th Cir. 2008) (citing Massey v. Hess, No. 1:05-cv-249, 2006 WL 2370205, at *2 (E.D. Tenn. Aug. 14, 2006)). In Dolan where the parties agreed that state procedural rules applied, the Sixth Circuit observed that the defendants pointed out that under the then version of the federal rules "if a federal employee sued individually is not served personally or by leaving the process with a responsible individual at the defendant's dwelling, house or usual place of abode", Dolan, 514 F.3d at 595 n. 3, service of process is not accomplished. Id. After Dolan, in Hall v. Haynes, 319 S.W.3d 565 (Tenn. 2010), where service was effective by an office employee sign for a defendant physician in the office, the Tennessee Supreme Court held:

> We hold that none of the individuals who accepted service in this case were agents authorized by appointment to receive service of process on behalf of either the corporation or the individual physician. With specific reference to the attempted service of the amended complaint, we hold that the authority to sign for and receive certified mail does not, on its own, confer the authority to accept service of process.
>
> * * *
>
> "Based on the language of the Tennessee Rules of Civil Procedure and the interpretation of analogous provisions by courts in other jurisdictions, we hold that a person with the authority to sign for and receive certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of an individual defendant."

Id. at 567, 581.

4

Aside from effective service of process, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Thus, absent a showing of good cause, the failure to serve timely a defendant mandates dismissal. Habib v. General Motors Corp., 15 F.3d 72, 73 (6th Cir. 1994). The plaintiff bears the burden to show good cause for failure to serve timely the defendant. Id. "Inadvertence or half-hearted efforts to serve do not constitute good cause." Harris, 7 Fed.Appx. at 456 (citing Friedman, 929 F.2d at 1157).

Plaintiff filed his first amended complaint (Docket Entry No. 3) on April 17, 2012. The Court granted Plaintiff *in forma pauperis* status on May 2, 2012, instructing the Clerk of Court to issue process. (Docket Entry No. 5). Because of Plaintiff's *in forma pauperis* status, the Court is obligated to order the United States Marshal to effectuate service on Defendant. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996).[3]

On or about May 11, 2012, the summonses and complaint were purportedly served on all Defendants by the United States Marshal's Service ("USMS") by certified mail at the Davidson County Sherrif's Office ("DCSO"), 506 2nd Ave North, Nashville, TN 37201, and were signed for by Joy Vague. (Docket Entry Nos. 16-19). The signer did not check the box on the return receipt reflecting whether she was an agent of the Defendants. The summons for Defendant Ogilvie was returned unexecuted on May 24, 2012 with a remark that the USMS received a letter from the DCSO

---

[3]The 120 day time period commenced from the Court's Order on May 2, 2012. Handy v. Gannett Satellite Info. Network, Inc., No. 3:06-cv-0331, 2007 WL 1975575, at *6 (M.D. Tenn. July 6, 2007).

that Defendant Ogilvie was "no longer employed" and that "Nurse Ogilvie" was "not a DCSO employee." (Docket Entry No. 19, at 1, 5). Defendant Ogilvie asserts that she has never been a DCSO employee and was unaware of the action against her until March 22, 2013, when she was notified by counsel for the other Defendants in this action. Defendant Ogilvie asserts that the charges against her should be dismissed because she still was not served, for more than a year since the filing of the original complaint, and Plaintiff has failed to show good cause for such an extensive delay. (Docket Entry No. 81).

The USMS attempted to effect service on Defendant Ogilvie at the DCSO, the address that Plaintiff provided. Vague did not check the box that she was signing as an "agent." Plaintiff has not rebutted Defendant Ogilvie's statement that she was not an employee at DCSO at the time of service, nor has Plaintiff shown that Vague was "an authorized agent" to receive service on behalf of Defendant Ogilvie. Therefore, service was invalid. See Dolan, 514 F.3d at 595 n.4; Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd., No. 99-5018, 2000 WL 1257040, at *4 (6th Cir. July 11, 2000); Bateman, 2009 WL 2043871, at *3; Holmes v. Gonzalez, No. 1:09-cv-259, 2010 WL 1408436, at *3 (E.D. Tenn. April 2, 2010). Moreover, the summons to Defendant Ogilvie was returned unexecuted and was filed on June 12, 2012. (Docket Entry No. 19). At this time, Defendant Ogilvie has not been served with process that is well outside the 120 day time limit set by Fed. R. Civ. P. 4(m). Plaintiff has failed to respond to Defendant Ogilvie's motion to dismiss, and thus, has not shown good cause for his failure to effect service upon Defendant Ogilvie.

For these reasons, the Court concludes that Defendant Ogilvie's motion to dismiss under Fed. R. Civ. P. 12(b)(4) should be granted, and that Plaintiff's claims against Defendant Ogilvie should be dismissed without prejudice.

6

An appropriate order is filed herewith.

**ENTERED** this the ___10___ day of June, 2013.

*[signature]*
WILLIAM J. HAYNES, JR
Chief Judge
United States District Court